IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**  CAUSE NO. 1:17CR68-LG-JCG-6
CIVIL ACTION NO. 1:19CV250-LG

**MARCEL TREMAYNE GRAVES**

## ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

BEFORE THE COURT is the [294] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and supporting [306] Memorandum of Law by Marcel Tremayne Graves. Graves filed his Motion on April 25, 2019. Graves then requested – and the Court granted – multiple extensions of time in which to file a supporting memorandum brief. He filed the Memorandum of Law on October 15, 2019, and the Government filed a Response on February 10, 2020. Having considered these submissions, the record, and relevant law, the Court finds that Graves' 28 U.S.C. § 2255 Motion is well taken and that he is entitled to relief as set out below.

Marcel Tremayne Graves entered a plea of guilty a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine, a schedule II controlled substance. On May 18, 2018, the Court sentenced Graves to a term of imprisonment of 178 months, supervised release for 5 years, and a $10,000 fine.

This sentence was in the lower 25% of the applicable advisory guideline range (168-210 months) yielded by a total offense level of 33 and a criminal history category of III.  In calculating Graves' base offense level, the Court held him accountable for 582.1 grams of methamphetamine, triggering application of USSG § 2D1.1(c)(3) for an offense involving at least 500 grams but less than 1.5 kilograms of methamphetamine.

In his § 2255 Motion, Graves makes several ineffective assistance of counsel claims.  Among them, that "counsel failed to object to the calculation error in converting 12 ounces of additional methamphetamine for which he was held responsible to 453 grams, when 12 ounces equals 336 grams."  The Government concedes the error.

A habeas petitioner must establish two elements to demonstrate that he suffered constitutionally deficient assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Presentence Investigation Report states that the 12 ounces of methamphetamine attributable to Graves as relevant conduct was the equivalent of 453 grams of methamphetamine. This was clearly a mathematical error to which Graves' counsel did not object. There are 28 grams in 1 ounce, so 12 ounces equals 336 grams – not 453. Counsel's apparent oversight prejudiced Graves because the lesser value would have placed the total quantity of methamphetamine below 500 grams, resulting in a lower base offense level, lower total offense level, and lower guideline range. The Government concedes as much. Because the appropriate relief for any of these ineffective assistance of counsel claims is to vacate and set aside the sentence, the Court need not address the additional claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [294] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Marcel Tremayne Graves is **GRANTED**. Marcel Tremayne Graves' sentence in this case is hereby **VACATED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Federal Public Defender is hereby appointed to represent the Defendant. The Probation Office shall prepare an amended or supplemental PSI. The Defendant will remain in the custody of the BOP pending further Order of the Court. A new sentencing hearing will be scheduled by the Court after preparation of the PSI.

**IT IS FURTHER ORDERED AND ADJUDGED** that The Federal Public Defender is hereby appointed to represent the Defendant in this matter.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [305] Motion to Expand and Supplement the § 2255 Petition filed by Marcel Tremayne Graves is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE